IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRY DEAN GRAY, | § | |
| BRAZOS COUNTY JAIL #99436/3-A, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-1563 |
| | § | |
| CITY OF BRYAN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

Brazos County Jail inmate Terry Dean Gray (BCJ #99436/3-A) has filed a complaint under 42 U.S.C. § 1983, alleging violations of his constitutional right to be released on bond. Gray has named the City of Bryan and his attorney, James Granberry, Jr., as defendants. Gray has not paid the filing fee. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

### **I.    BACKGROUND**

Gray is currently in custody at the Brazos County Detention Center. He states that he was arrested for assault of a family member on October 20, 2013. The state district court of Brazos County appointed attorney Mark Maltsberger to represent Gray in the criminal proceeding. However, Maltsberger had to withdraw due to a

conflict of interest, and attorney James Granberry was substituted as Gray's defense counsel.  Gray complains the trial judge ordered an excessive bond and that Granberry made no effort to seek reduction of the bond despite statements from his mother and brother that they will not cooperate with the authorities in their efforts to prosecute him.  He contends that he, a black inmate, has been denied the opportunity to be released on bond while defendants who are white have been released despite the fact that many of them face serious charges.

Gray sues Granberry for failing to provide effective representation.  He sues the City of Bryan for an alleged policy of denying African-American defendants the opportunity to obtain release on bond.  He seeks injunctive relief and damages.

## II. STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances.  Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C.§ 1915A(b).  A reviewing court may dismiss a complaint for these same

reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

The plaintiff proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519 (1972). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The Supreme Court has clarified that "a complaint must contain

3

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678.

### III. ANALYSIS

Gray sues the defendants for civil rights violations under the provisions of 42 U.S.C. § 1983. This statute provides a private right of action for damages to individuals who are deprived of "any rights, privileges, or immunities" protected by the Constitution or federal law by any person acting under the color of state law. 42 U.S.C. § 1983; *Breen v. Texas A&M Univ.*, 485 F.3d 325, 332 (5th Cir. 2007). To establish liability under § 1983, a civil rights plaintiff must establish two elements: (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, *i.e.,* that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *Baker v. McCollan*, 443 U.S. 137, 142 (1979); *see also Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (In short, "[s]ection 1983 provides a claim against anyone who, 'under color of' state law, deprives another of his or her constitutional rights.") (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994)).

4

***The City of Bryan Cannot Be Sued Under § 1983.*** – Gray sues the City of Bryan for an alleged wrongful policy which denies him the opportunity to be released on bond. Gray does not identify any officials or individuals associated with the City of Bryan. Establishing municipal liability "requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Doe ex rel. Magee v. Covington County School Dist. ex rel. Keys*, 675 F3d 849, 867 (5th Cir. 2012) ((quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*)); *see also Flores v. County of Hardeman, Tex.*, 124 F.3d 736 (5th Cir. 1997). Gray must present facts showing that there was some policy behind the alleged violation. *Peterson,* 588 F.3d at 850. A policy is "a statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority." *Sanders-Burns v. City Of Plano*, 594 F.3d 366, 380 -381 (5th Cir. 2010). Alternatively, a policy may be demonstrated by a widespread and well established pattern of behavior by the city's employees. *Sanders-Burns*, 594 F.3d at 380 -381. Gray only presents conclusory allegations and has asserted no specific facts which tie his detention in the Brazos County Jail to any action or policy that can be attributed to the City of Bryan or any of its employees. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citing *Baker*

5

*v. Putnal,* 75 F.3d 190, 194 (5th Cir. 1996)). Regardless of whether Gray's constitutional rights were violated, the City of Bryan cannot be held liable. *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009) (citing *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 694 (1978); *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997). Therefore, Gray's claims against the City of Bryan must be **dismissed** as frivolous under 24 U.S.C. § 1915(e).

*__Granberry Cannot Be Sued Under § 1983__*. – As stated above, an individual may only seek damages from an individual defendant if it is shown that individual is "acting under the color of state law." 42 U.S.C. § 1983; *Breen*, 485 F.3d at 332. Granberry, a private attorney, cannot be sued under section 1983 because he is not a state actor. *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (citing *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988)); *see also Uresti v. Reyes*, 506 F. App'x 328, 329 (5th Cir. 2013) ("Private attorneys, however, are generally not state actors subject to § 1983 liability.") (citing *Hudson,* 98 F.3d at 873). Because Gray's allegations against his attorney do not implicate any state action, his § 1983 complaint fails to state a claim upon which relief can be granted and lacks merit as a matter of law. *See Hudson*, 98 F.3d at 873; *see also Biliski v. Harborth,* 55 F.3d 160, 162 (5th Cir. 1995). Therefore, Gray's claims against Granberry must be **dismissed** as frivolous.

C:\Users\shelia_ashabranner.TXS\AppData\Local\Temp\notesFFF692\141563-bond-denial.wpd

***Gray's Claims Are Duplicative*.** –   This is not the first time Gray has filed a complaint in federal court alleging that he has been denied bond because of his race. Gray filed a civil rights complaint against an assistant district attorney of Brazos County alleging that the defendant refused to lower the bound amount and that his decision was based on racial grounds.  The case was dismissed based on prosecutorial immunity.  *Gray v. Calvert*, No. H-14-0268 (S.D. Tex. Feb. 7, 2014).  A second complaint was dismissed as improvidently filed.  *Gray v. Calvert*, No. H-14-0315 (S.D. Tex. Feb. 11, 2014).  Gray filed a petition for writ of habeas corpus seeking release from jail and compensatory damages for a state court judge's alleged racial discrimination.  The petition was dismissed for failure to exhaust state court remedies. *Gray v. Brazos County*, No. H-14-0880 (S.D. Tex. Apr. 14, 2014).  Gray filed two other civil rights complaints against Bryan city officials and Granberry alleging that he has been subjected to discrimination and harassment which has prevented his release. *Gray v. Granberry, et al.*, No. H-14-1544 (S.D. Tex. *filed* Jun. 2, 2014)  *Gray v. City of Bryan, et al.*, No. H-14-1537 (S.D. Tex. *filed* Jun. 3, 2014).  Gray's redundant pleadings are an impermissible waste of judicial resources.  *See Mayfield v. Collins*, 918 F.2d 560, 561-62 (5th Cir. 1990).  Consequently, this duplicative action must be **dismissed** as malicious pursuant to 28  U.S.C. § 1915(e)(2)(B)(i). *Pittman v. Moore,* 980 F.2d 994, 994–95 (5th Cir.1993); *Wilson v. Lynaugh,* 878 F.2d

7

846, 850 (5th Cir.1989); *see also Thornton v. Merchant*, 526 F. App'x 385, 387 (5th Cir. 2013) (citing *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir.1998)).

## IV. <u>CONCLUSION AND ORDER</u>

Based on the foregoing, the Court **ORDERS** as follows:

The plaintiff's complaint is **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B) because it is frivolous and malicious.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on this <u>June 11</u>, 2014.

_____
Nancy F. Atlas
United States District Judge